Timothy Worden **HARKNESS,**
**Appellant,**

v.

Allison Atkins **HARKNESS, Appellee.**

**No. 09 85 222 CV.**

Court of Appeals of Texas,
Beaumont.

May 1, 1986.
Rehearing Denied May 21, 1986.

---

Jimmy W. Nettles, Beaumont, for appellant.

Joe Scott Evans, Groveton, for appellee.

## OPINION

BURGESS, Justice.

Timothy and Allison Harkness were divorced in Polk County, Texas in December, 1983. The parties entered into an agreement incident to divorce with an addendum. This agreement was approved by the court and incorporated into the divorce decree. The addendum states:

### SECTION V

#### Custody of Children

"The parties agree that the Wife is the proper party to have custody of the infant child born of the parties and the Husband is to have the right of liberal, frequent and generous visitation with the infant child. All matters pertaining to custody, support, and visitation will be referred to the Juvenile and Domestic Relations District Court of the City of Virginia Beach, State of Virginia, upon entry of a final decree."

/s/ Alison Atkins Harkness
/s/ Timothy Worden Harkness

At the time of the divorce Mrs. Harkness and the child were living in the State of Virginia. They subsequently moved to California without returning to Texas. In December, 1984, Mr. Harkness filed his motion to modify in Polk County, Texas, alleging a substantial change of circumstances and asking the Texas Court to clarify and modify his access to the child. Mrs. Harkness filed a pro se "answer" and motion for continuance. Thereafter, her counsel filed a general denial and a plea to the subject matter jurisdiction urging *TEX.FAM. CODE ANN. sec. 11.53* (Vernon Supp. 1986). Mr. Harkness' counsel filed an objection that the plea was not properly verified. This objection was overruled and after a hearing, the plea was granted and the motion to modify dismissed.

Appellant brings forth five points of error. Point of error number one states:

"The trial court erred in granting appellee's plea to the jurisdiction because: (a) Appellee was amenable to process issued by the courts of Texas, (b) Appellee waived her special appearance to present her plea to the jurisdiction thus entering a general appearance, and (c) Appellee's plea to the jurisdiction was not properly verified as required by law."

Subsections (a) and (b) of the point of error are simply misplaced. Mrs. Hendricks was before the court by virtue of her pro se "answer" and the general denial of her counsel. Every appearance prior to judgment not in compliance with *TEX.R. CIV.P. 120a*, is a general appearance. *Griffin's Estate v. Sumner*, 604 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). Subsection (c) presents a different question. The plea to the jurisdiction must be verified in accordance with *TEX.R.CIV.P. 93. Law Offices of Yarborough & Pope, Inc. v. National Automobile & Casualty Ins. Co.*, 548 S.W.2d 462 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n.r.

e.). The verification on the plea reads as follows:

> Before me, the undersigned authority, on this day personally appeared JOE SCOTT EVANS, who being by me duly sworn on his oath deposed and said that he is the lawyer for Allison Atkins Harkness in the above entitled and numbered cause; that he has read the above and foregoing Plea to Subject Matter Jurisdiction designed to be used in said cause; and that every statement and denial contained therein is within the personal knowledge of Alison Atkins Harkness, is true and correct, and he, as her lawyer herein, is duly authorized to make this affidavit in her behalf.
>
> /S/ Joe Scott Evans

Mr. Harkness' complaint is that the verification is based upon hearsay and not the personal knowledge of the affiant. Mrs. Harkness urges the verification is not deficient in that the attorney was authorized to make the affidavit under *TEX.R.CIV.P. 14.* While Rule 14 allows the attorney to make an affidavit, it does not obviate the necessity of showing that the attorney has personal knowledge of the facts, as distinguished from information obtained from the client. *Landscape Design & Constr. Inc. v. Warren,* 566 S.W.2d 66 (Tex.Civ.App.—Dallas 1978, no writ). Unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal and perjury can be assigned to it. *Burke v. Satterfield,* 525 S.W.2d 950 (Tex. 1975).

■ Does the plea to the jurisdiction therefore fail? We believe not. *TEX.R. CIV.P. 93,* requires only those pleas to be verified "unless the truth of such matter appear of record". Prior to the objections to the plea being overruled, Mr. Harkness had filed answers to admissions and interrogatories which admitted all those factual matters alleged in the plea to the jurisdiction. Therefore, the truth of such matters appeared of record. Point of error number one is overruled.

The remainder of appellant's points of error complain of the findings of fact and conclusions of law filed by the trial court

and their evidentiary basis or lack of it. All of these points can be disposed of by analyzing the applicable statutes. Mrs. Harkness urged the trial court, in her plea to the jurisdiction, that *TEX.FAM.CODE ANN. sec. 11.53* (Vernon Supp.1986) was applicable to this proceeding. It states that the courts of this state are competent to decide child custody matters if (1) this state is the home state of the child at the time the suit is commenced or this state has been the child's home state within six months before the date of commencement, or (2) no other state would have jurisdiction, or (3) the child is physically in the state and has been abandoned or there is a serious question concerning the child's welfare, or (4) it is in the best interest of the child for this state to assume jurisdiction. The section goes on to say that court may not exercise its continuing jurisdiction, except on written agreement of the parties, if the child and the party with custody has established another home state.

■ The evidence introduced at the hearing on the plea to the jurisdiction is comprised of the court taking judicial knowledge of various instruments and the testimony of Mr. Harkness. Although some of the instruments the court took judicial notice of have no probative value, the answers to interrogatories and answers to admissions are certainly proper evidence to be considered by the court. These are ample evidence for the court to find that Texas is not the home state of the child and another state has jurisdiction. Therefore, those findings of fact and conclusions of law which bear on these issues are correct.

■ Lastly, appellant complains of the trial court refusing to file additional findings of fact and conclusions of law. Appellant proposed same to the trial court, but most were in direct conflict with those previously filed. We find no error in the trial court's refusal. All of appellant's points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.