**NINE GREENWAY LTD., f/k/a Nine Greenway Venture, Appellant,**

v.

**HEARD, GOGGAN, BLAIR & WILLIAMS, f/k/a Heard, Goggan, Blair, Williams & Harrison; Oliver S. Heard, Jr.; Thomas S. Goggan, III; Stephen S. Blair; Jim Blair; United Governmental Services of America, Inc.; Leslie H. Williams, Jr.; and Jim Short, Inc., Appellees.**

No. 01–93–00904–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 5, 1994.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

DUGGAN, Justice.

Appellant [1] (the landlord) sued appellees [2] (the tenants) for breach of a lease agreement. The tenants filed a counterclaim for wrongful conversion of their property. After hearing evidence, the trial court granted directed verdicts against the landlord on its claims and against the tenants on their counterclaim. The landlord contends that the trial court erred in granting the motion for directed verdict in favor of the tenants on the landlord's breach of lease claim.

The tenants leased office space in the Greenway Plaza complex. The lease, dated September 9, 1987, provided a three-year term, but contained a cancellation option effective October 31, 1988. In April 1990, the tenants sought to cancel the lease pursuant to this option; the landlord claimed the option to cancel had expired, and sued the tenants for the remaining rent due under the three-year lease.

The tenants claimed that the option was ambiguous, and sought a ruling to that effect from the trial court. On August 19, 1992, the trial court ruled against the tenants, and entered its order stating:

> that the contract is unambiguous. Pursuant to the plain language of this cancellation option, the lease could be terminated by Defendants effective only on October 31, 1988 by giving at lease forty-five (45) days written notice if not in default. As it is undisputed and admitted that no such notice was given, *Defendants have breached their contract as a matter of law.*

Therefore it is ORDERED, ADJUDGED AND DECREED that:

> . . . .

Craig R. Keener, Houston, for appellant.

William E. King, Joe R. Blackburn, Houston, for appellees.

1. Nine Greenway Ltd., f/k/a Nine Greenway Venture.

2. Heard, Goggan, Blair & Williams, f/k/a Heard, Goggan Blair, Williams & Harrison; Oliver S. Heard, Jr.; Thomas S. Goggan, III; Stephen S. Blair; Jim Blair; United Governmental Services of America, Inc.; Leslie H. Williams, Jr.; and Jim Short.

4. Trial will be rescheduled in this matter to *hear evidence of Plaintiff's damages and Defendants' counterclaim only.*

(Emphasis added.)

At trial, "because the trial court's order was not clear, and exercising an abundance of caution," the landlord attempted to introduce evidence other than on damages, i.e., that it was the successor in interest to Nine Greenway Venture, the original landlord. The trial court refused to allow the evidence and, contrary to its original order, entered a directed verdict in favor of the tenants because the landlord did not prove it was the successor in interest to Nine Greenway Venture.

In two points of error, the landlord contends that the trial court erred in granting a directed verdict because (1) evidence that the landlord was successor in interest to Nine Greenway Venture was not necessary and was not an element of the landlord's cause of action, and (2) if the evidence was necessary, it was properly offered.

We first address the tenants' motion to dismiss the appeal pursuant to an alleged recorded and binding settlement between the parties. The landlord argues there was no settlement agreement because: (1) Barbara Richey, the landlord's representative at trial, had no authority to bind the landlord; (2) there was no meeting of the minds; and (3) the agreement lacks consideration.

When the landlord rested, the court directed a verdict against it. The court then announced an adjournment for lunch and stated that after lunch, it would allow evidence of the tenants' counterclaim. When court reconvened, the tenants announced that they rested without putting on any evidence. Then, after a conference at the bench which was not recorded, the following occurred:

Court: For purposes of the record, counsel for plaintiff is not here and the Court is going to allow him [defendant's attorney] to proceed because counsel was told emphatically to be back here at 12:45. It is now approximately 1:03. All right. You may proceed on any motion you may have, ma'am.

Defense counsel (Blackburn): Your honor—you can see, ma'am [Ms. Richey], if you agree with this.

Now comes all the parties before the court, the plaintiff having rested, the defense having rested and announced to the court a settlement that the plaintiff will forego any claims that they may have in consideration of the defense foregoing and non-suiting with prejudice any cross-claims against the plaintiff. That they may have—the effect being that neither the plaintiff nor the defendant recover anything from each other and each bear their own costs.

Is that your understanding, ma'am?

· Ms. Richey: Yes, sir.

Defense counsel (King): Heard Goggan stipulates to that.

Court: All right. It's granted.

The court then discharged the jury, and the proceedings ended.

Attached to the landlord's response to the motion to dismiss is an affidavit of Barbara Richey, stating that during her lawyer's absence,

defense attorneys discussed a possible deal with me. I understood from that discussion that by entering into this deal, I would not be prejudicing any of Nine Greenway Limited's rights against defendants in the future. Joe Blackburn then made an announcement on the record, and I did not understand the legal significance of what he said. If his announcement prevented Nine Greenway Limited from pursuing defendants in the future, that directly contradicted what I understood was happening. I never meant to agree to settle this case or to prevent Nine Greenway Limited from pursuing their rights against defendants. I am not authorized to settle lawsuits on behalf of Nine Greenway Limited. I specifically heard counsel for Nine Greenway Limited tell both defense counsel that I was not authorized to enter into settlement agreements on behalf of Nine Greenway Limited.

 The judgment, directing a verdict against the landlord on its claim and against the tenants on their counterclaim, makes no

reference to a settlement agreement. The written judgment controls over the court's oral pronouncements. *Borden, Inc. v. Valdez,* 773 S.W.2d 718, 720 (Tex.App.—Corpus Christie 1989, no writ). On appeal, the tenants may not complain about a settlement agreement not included in the final judgment.[3]

We deny the tenants' motion to dismiss the appeal.

In its first point of error, the landlord makes three arguments:

1. The tenants failed to file a verified pleading that the landlord was not entitled to recover in the capacity in which it sued as required by Tex.R.Civ.P. 93(2);

2. The trial court's August 19, 1993, order required only that the landlord put on evidence of damages; and

3. Certain admissions made by the tenants established that the landlord is entitled to recover.

■ Rule 93(2) of the Texas Rules of Civil Procedure requires that when a party claims that its opponent is not entitled to recover in the capacity in which he sues, he must do so through a verified pleading. "When capacity is contested, Rule 93(2) requires that a verified plea be filed anytime the record does not affirmatively demonstrate the plaintiff's or defendant's right to bring suit or be sued in *whatever* capacity he is suing.... The rule means just what it says." *Pledger v. Schoellkopf,* 762 S.W.2d 145, 146 (Tex.1988). A party who fails to raise the issue of capacity through a verified plea waives that issue at trial and on appeal. *See id.; Southwest Indus. Inv. Co. v. Berkeley House Investors,* 695 S.W.2d 615, 617 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ The tenants argue that the landlord is confusing "standing" with "capacity." To support their argument, they rely on *City of Fort Worth v. Groves,* 746 S.W.2d 907, 913 (Tex.App.—Fort Worth 1988, no writ). The tenants incorrectly interpret *Groves.* In *Groves,* the court considered whether the plaintiff, a citizen and resident of the city of Arlington and Tarrant county, had standing to bring a declaratory judgment and permanent injunction suit against the city of Fort Worth under the Open Meetings Act. In holding that the plaintiff had sufficient interest for standing, the court further considered whether a verified plea raising the issue of standing was required under rule 93. Finding that a verified plea is not necessary when raising the issue of *standing,* the court correctly stated:

> The matter of "standing" is not the same as "capacity." The City's plea in abatement [on standing] is not required to be verified under the Texas Rules of Civil Procedure, rule 93.... If Groves has no standing to maintain this suit, he has no case or controversy to urge.

*Id.* at 913 (citations omitted). In the case before us, the issue is not whether the landlord has standing to bring this action, but instead whether the landlord is entitled to recover in the capacity in which it sued, i.e., as Nine Greenway Ltd.

Because the tenants failed to file a verified pleading, they waived the issue of the landlord's capacity to sue. Therefore, it was not necessary that the landlord prove its capacity. We find that the trial court erred by directing a verdict against the landlord because it failed to prove capacity.

■ We further sustain point of error one under the landlord's second argument, that the trial court's August 19, 1993, order required only that the landlord put on evidence of damages. The order stated that "trial will be rescheduled in this matter to *hear evi-*

---

3. We note our concern about the court (when plaintiff's lawyer failed to timely return from lunch) approving a settlement agreement negotiated between the defense lawyers and a representative of the plaintiff, when all participants were aware that the plaintiff was represented by counsel. Tex.Disciplinary Rules of Prof.Conduct, Rule 4.02(a) provides that "a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person ... the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer...." Further, Texas Supreme Court, Code of Judicial Conduct, Canon 3A(5)(b) provides that a judge may confer "separately with the parties and/or their lawyers in an effort to mediate or settle matters, provided, however, that the judge shall first give notice to all parties...."

*dence of Plaintiff's damages and Defendants' counterclaim only.*" From this language, it is clear that the court ordered the landlord to present evidence only on its damages, and the tenants to present evidence of their counterclaim. Under the court's own order, evidence regarding the landlord as successor in interest to Greenway Nine Venture was not necessary. *See Dennis v. Haden,* 867 S.W.2d 48, 51 (Tex.App.—Texarkana 1993, writ granted) (trial court abused its discretion by disregarding its own previous directive).

Because we reverse under the landlord's first or second argument, it is not necessary to consider its third argument or its second point of error.

We reverse the portion of the trial court's judgment directing a verdict against the landlord, we sever the landlord's causes of action, and we remand the landlord's causes of action to the trial court for further proceedings.