**AFFIRM; and Opinion Filed August 2, 2013.**



In The

### No. 05-12-00307-CV

**JOHN C. FLOOD OF DC, INC. JOHN C. FLOOD, INC., AND MELVILLE DAVIS,**
**Appellants**
**V.**
**SUPERMEDIA, L.L.C., Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-16218**

### OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellants John C. Flood of DC, Inc., John C. Flood, Inc., and Melville Davis appeal from summary judgments granted in favor of appellee SuperMedia, L.L.C. In two issues, appellants argue (1) the trial court erred by granting summary judgment for SuperMedia for breach of contract without evidence SuperMedia was entitled to payment under any of the contracts; and (2) the trial court erred by granting summary judgment against Melville Davis for breach of a contract to which he was not a party. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Appellee SuperMedia, L.L.C., sued appellants John C. Flood of DC, Inc., J.C. Flood, Inc. a/k/a John C. Flood, Inc., Melville Davis, individually, and Robert Smiley, individually, for breach of contract and quantum meruit to collect amounts allegedly due for print media and internet advertising services that appellee provided to appellants. Appellants filed an original

answer containing a general denial and asserting SuperMedia lacked capacity to sue, and that appellants (defendants) Davis and Smiley were not liable in the capacity in which they were sued. Appellants, however, did not verify their answer.

Appellee filed both traditional and no-evidence motions for summary judgment, to which appellants timely responded. Appellants' response included affidavits from Davis and Smiley. Appellee filed written objections to appellants' summary judgment evidence, challenging statements in the Davis and Smiley affidavits. The trial court sustained all of the objections, and appellants do not challenge the trial court's ruling

On the morning of the hearing on appellee's traditional and no-evidence motions for summary judgment, less than an hour before the scheduled start of the hearing, appellants filed an amended answer that contained a verified denial of appellee's lack of capacity to sue and that Davis and Smiley were not liable in the capacity in which they were sued. The amended answer also alleged the affirmative defense of agency. The trial court granted appellee's no-evidence summary judgment motion on appellants' affirmative defenses of estoppel, prior breach of contract, failure of consideration, fraud, laches, and statue of frauds, and granted a partial summary judgment that John C. Flood of DC, Inc. and Melville Davis owed appellee $340,838.96, and that John C. Flood, Inc. owed appellee $233,649.56.[1] The trial court's order states that appellee would have to file an election choosing whether the final judgment would be against John C. Flood of DC, Inc. or Melville Davis for the $340,838.96.

The trial court's order also states that liability for appellee's attorney's fees and for the additional damages sought against John C. Flood of DC and Melville Davis would have to be tried. Appellee non-suited its remaining claims for damages and attorney's fees and elected to take a final judgment against Melville Davis rather than John C. Flood of DC, Inc. The trial

---

[1] Appellee nonsuited defendant Robert Smiley.

–2–

court entered a final judgment against Davis for $340,838.96 and against John C. Flood, Inc. for $233,649.56. In both its partial summary judgment order and the final judgment, the trial court states that it considered the "pleadings timely filed."

**DISCUSSION**

**APPELLEE'S STANDING TO SUE**

In their first point of error, appellants argue the trial court erred by granting summary judgment for appellee based on breach of contract because there is no evidence appellee was entitled to payment under any of the contracts. Appellants specifically argue that appellee failed to establish its standing to bring suit, that appellee's lack of standing to bring suit for breach of contract negates an essential element of that cause of action, and that appellee cannot rely on quantum meruit as an alternative theory of recovery. Appellee responds that it does indeed have standing to bring this suit, but that appellants confuse "standing" and "capacity," and that appellants waived any argument about appellee's capacity to sue or be sued because they did not timely file a sworn denial pursuant to rule 93 of the Texas Rules of Civil Procedure.

### *Standard of Review*

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standards of review); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review).

A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence

–3–

raising a genuine issue of material fact to support the challenged elements. *Id.* In reviewing a no-evidence summary judgment motion, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)). A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

A motion for summary judgment on traditional grounds must show there is no genuine issue as to a specified material fact and that, as a result, the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Thus, for a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant party respond and present evidence raising a fact issue as to the material facts in question. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

### *Standing and Capacity*

A party must have both standing to sue and capacity to sue. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "'Texas courts have had considerable difficulty in defining the relationship of the twin doctrines of capacity and standing.'" *Id.* at 848 n.1 (quoting

5 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 70.06[2] (2005)). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr.*, 171 S.W.3d at 849 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1559, at 441 (2d ed. 1990)). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Austin Nursing Ctr.*, 171 S.W.3d at 848–49 (quoting *Nootsie Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)); *see also Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Standing is a component of subject matter jurisdiction and can never be waived. *Austin Nursing Ctr.*, 171 S.W.3d at 849; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443, 446 (Tex. 1993). Unlike standing, however, "an argument that an opposing party does not have the capacity to participate in a suit can be waived." *Nootsie*, 925 S.W.2d at 662 (citing TEX. R. CIV. P. 93).

### Standing

In *Austin Nursing Center*, the Texas Supreme Court explained that "standing" requires there be "a real controversy between the parties" that "will be actually determined by the judicial declaration sought." *Austin Nursing Ctr.*, 171 S.W.3d at 849 (quoting *Nootsie,* 925 S.W.2d at 662). In addition, to have standing a party must be "personally aggrieved" and the injury "concrete and particularized, actual or imminent, not hypothetical." *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 550 (Tex. App.—San Antonio 2011, no pet.); *see also Austin Nursing Ctr.*, 171 S.W.3d at 848. A party's standing is determined at the time suit is

filed, and we look to the facts alleged in the petition and may consider other evidence in the record, if necessary, to resolve the question. *Prize Energy Res.*, 345 S.W.3d at 550; *see Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App.—Fort Worth 2005, no pet.). An appellate court considering standing for the first time on appeal must both construe the petition in favor of the plaintiff and, if necessary, review the entire record to determine "if any evidence supports standing." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

### Is Appellants' "Standing" Complaint Actually a Complaint About "Capacity"?

Appellants' argument is that appellee failed to establish it has standing to sue for appellants' alleged breaches of the advertising contracts. Appellants cite our opinion in *OAIC Commercial Assets, L.L.C. v. Stonegate Village*, *L.P*., 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied), where we stated that "[i]n order to establish standing to maintain a breach of contract action, a plaintiff must show either third-party beneficiary status or privity." In *OAIC*, we added that, for purposes of standing, privity is established by proving the defendant was a party to an enforceable contract with either the plaintiff or someone who assigned its cause of action to the plaintiff. *Id.* Appellants insist they are challenging standing, not capacity, that there is no evidence here of any privity of contract between SuperMedia and any of the appellants, and no evidence SuperMedia may sue to enforce the contracts as a third-party beneficiary. In their reply brief, appellants further explain:

> Although they pleaded a lack of capacity, the defendants do not contend that SuperMedia lacks the legal authority to bring suit, or that Melville Davis cannot legally be sued as an individual. *They are clearly contending that there is no privity of contract between the parties and that SuperMedia failed to prove it was a third-party beneficiary or an assignee of the contracts*. These are issues of standing, not capacity

(Emphasis added).

But appellants confuse standing with capacity. This Court has stated that a challenge to a party's privity of contract is a challenge to capacity, not standing, and requires compliance with

rule 93 of the Texas Rules of Civil Procedure. *Landry's Seafood House-Addison, Inc. v. Snadon*, 233 S.W.3d 430, 433-34 (Tex. App.—Dallas 2007, pet. denied) (citing *King-Mays v. Nationwide Mut. Ins. Co*, 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied)). "While the question of whether a party is entitled to sue on a contract is often informally referred to as a question of 'standing,' it is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *Heartland Holdings Inc. v. U.S. Trust Co. of Tex.*, 316 S.W.3d 1, 6-7 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also James M. Clifton, I, Inc. v. Premillenium, Ltd.*, No. 05-08-01528-CV, 2010 WL 2089655 at *2 (Tex. App.—Dallas may 26, 2010, no pet.) (mem. op.). "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction." *Heartland*, 316 S.W.3d at 7.

> Although lawyers and courts occasionally state informally that an entity has no 'standing' to enforce a contract if that entity is not a party to the contract or a third-party beneficiary of it, such an entity's inability to sue goes to the merits and does not deprive courts of jurisdiction.

*Yatsuda Fire & Marine Ins. Co. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We thus agree with appellee that, in the case before us, the issue is not whether appellee has standing to bring this action, but instead whether it can recover in the capacity in which it sued, i.e., as SuperMedia. *See Nine Greenway*, 875 S.W.2d at 787 (whether landlord was successor in interest to original landlord was issue of "capacity to sue," not "standing," and tenants' failure to file verified pleading resulted in waiver of landlord's capacity to sue, and landlord was not required to prove capacity in order to recover on claim against tenants for breach of commercial lease agreement).[2]

---

[2] While our *OAIC* decision cited by appellants suggests privity of contract raises an issue of standing, the defendants in *OAIC* filed a plea to the jurisdiction, and one of the issues on appeal was whether the trial court lacked jurisdiction to enter judgment against defendants and in favor of the plaintiff for breach of contract because the plaintiff lacked standing to bring suit for breach of the agreement. *See OAIC*, 234 S.W.3d at 731 n.2, 734-35. In the present case, no plea to the jurisdiction was filed and neither party on appeal challenges the trial court's jurisdiction.

*SuperMedia Has Standing to Sue*

We further conclude that, were we to address the issue of standing, the pleadings and the summary judgment evidence show SuperMedia has standing to bring this lawsuit. Appellee's first amended petition alleges that "SuperMedia, LLC, formerly known as Idearc Media LLC, formerly known as Idearc Media Corp., [and] formerly known as Verizon Directories Corp. ('Plaintiff' or 'SuperMedia') is a Delaware limited liability corporation doing business in the State of Texas." Idearc Media is the entity named on the contracts. Each of the names by which appellee did business is referred to in the first amended petition as, collectively, "Plaintiff" or "SuperMedia." The first amended petition further alleges appellants executed contracts with SuperMedia, that appellants agreed to pay SuperMedia for the publication of advertising services, that SuperMedia provided the services, that appellants did not pay SuperMedia for those services, and that appellants are thus indebted to SuperMedia. Appellee neither alleged nor attempted to prove it was an assignee of Idearc Media's interests or a third-party beneficiary of its contracts—it specifically pleaded SuperMedia was *formerly known as* Idearc Media. Furthermore, appellants' response to appellee's motions for summary judgment states that appellees "actually owe *Supermedia* nothing as the ads it peddled to [appellees] are all defective and objectively misleading to potential customers" (emphasis added), and that "*Supermedia* breached the contract by failure to print ads without errors which caused [appellees'] injuries" (emphasis added). *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (holding that party's statement of fact in a summary judgment response qualified as a judicial admission that a trial court properly considered in granting summary judgment against the party); *Transcontinental Realty Invs., Inc. v. John T. Lupton Trust*, 286 S.W.3d 635, 645-46

–8–

(Tex. App.—Dallas 2009, no pet.) (treating statement in a summary judgment response as a judicial admission).[3]

As for the summary judgment record, attached to appellee's traditional motion for summary judgment is an affidavit from Nancy Logue, who was responsible for managing SuperMedia's accounts receivable. Her affidavit alleges that the contracts are SuperMedia's business records, that appellants are customers of SuperMedia, that Supermedia published advertising in compliance with the terms of the contracts at appellants' request in return for an agreement to pay for the advertising, that appellants had accounts with SuperMedia, and that appellants owed SuperMedia money on those accounts. Therefore, construed in the light most favorable to SuperMedia, the pleadings and evidence show a real controversy exists between the parties that will be actually determined by the judicial declaration sought. *See Austin Nursing Ctr.*, 171 S.W.3d at 849.

### Verified Pleas of Capacity to Sue or be Sued

Turning to the requirements of verified pleas, rule 93 of the Texas Rules of Civil Procedure provides that pleadings asserting certain defenses shall be verified by affidavit "unless the truth of such matters appear[s] of record." TEX. R. CIV. P. 93; *Haase v. Gim Res., Inc.*, No. 01-09-00696-CV, 2010 WL 3294247, at *4 (Tex. App.—Houston [1st Dist.] Aug. 19, 2010, no pet.) (mem. op. on reh'g). Among other requirements, the rule provides that a pleading must be verified by affidavit if it alleges the plaintiff does not have the legal capacity to sue or that the defendant lacks the legal capacity to be sued; that the plaintiff is not entitled to recover in the capacity in which it sues, or that the defendant is not liable in the capacity in which it is sued; or

---

[3] Appellee also contends certain statements found in the Davis and Smiley affidavits that, for example, they spoke to the "Plaintiff's representative" about the advertising, "SuperMedia was at all times in control of the ads," "SuperMedia breached its agreement," and that "[t]he Plaintiff and its advertising employees must be incredibly stupid." The trial court struck these (and other) parts of the defendants' affidavits, and the court's ruling is not being challenged on appeal. Accordingly, in our analysis we do not consider those parts of the affidavits that the record shows the trial court struck. *See Esty v. Beal Bank, S.S.B.*, 298 S.W.3d 280, 294 (Tex. App.—Dallas 2009, no pet.) ("Evidence which has been excluded by written order or ruling of the trial court is not part of the summary judgment evidence to be considered.").

if the pleading alleges there is a defect in the parties, plaintiff or defendant. TEX. R. CIV. P. 93(1), (2), (4); *see Sixth RMA Partners, LP v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) ("When capacity is contested, Rule 93 requires that a verified plea be filed unless the truth of the matter appears of record."); *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988) (per curiam) ("Rule 93(2) requires that a verified plea be filed anytime the record does not affirmatively demonstrate the plaintiff's or defendant's right to bring suit or be sued in *whatever* capacity he is suing."). Rule 93's application "is not limited to cases of representative capacity only. The rule means just what it says." *Pledger*, 762 S.W.2d at 146. The Texas Supreme Court has "not hesitated in previous cases to hold that parties who do not follow Rule 93's mandate waive any right to complain about the matter on appeal." *Nootsie*, 925 S.W.2d at 662; *see also Nine Greenway*, 875 S.W.2d at 787 ("A party who fails to raise the issue of capacity through a verified plea waives that issue at trial and on appeal."); *King-Mays*, 194 S.W.3d at 145 (alleged tortfeasor's failure to file verified denial of insurer's capacity to sue as subrogee resulted in waiver). In addition, when a case falls within one of the categories defined by rule 93, a general denial is insufficient; the defendant must provide a verified denial, supported by an affidavit based on personal knowledge. *See* TEX. R. CIV. P. 93; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Bluebonnet Fin. Assets v. Miller*, 324 S.W.3d 603, 609 (Tex. App.—El Paso 2010, no pet.).

### Time Limits for Filing Amended Pleadings

Rule 63 of the Texas Rules of Civil Procedure provides that amended pleadings may be filed within seven days of trial only with leave of court. TEX. R. CIV. P. 63. A summary judgment proceeding is a trial within the meaning of rule 63. *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988); *McIntyre v. Wilson*, 50 S.W.3d 674, 684 (Tex. App.—Dallas 2001, pet. ref'd). Texas appellate courts apply a liberal interpretation in determining

whether a trial court granted leave to late-file an amended pleading. *Wilson v. Korthauer*, 21 S.W.3d 573, 577 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). On appeal, we will presume the trial court granted leave to file a late pleading even though the filer failed to request leave when (1) the record fails to show that the trial court did not consider the amended pleading; and (2) there is not a sufficient showing of surprise or prejudice on the part of the opposing party. *Goswami*, 751 S.W.2d at 490.

The first prong of *Goswami* is satisfied if the amended petition was part of the record before the trial court and the judgment states that the trial court considered all the pleadings on file. *McIntyre*, 50 S.W.3d at 684; *Wilson*, 21 S.W.3d at 578. If both of these questions are answered in the affirmative, the first prong of the test is met. *Wilson*, 21 S.W.3d at 578. But when the judgment does not affirmatively state that the court considered "all pleadings," the *Goswami* presumption does not apply. *See, e.g., DMC Valley Ranch, L.L.C. v. HPSC Inc.*, 315 S.W.3d 898, 903 (Tex. App.—Dallas 2010, no pet.) (drawing distinction between judgments referencing "all of the pleadings" and those referencing all "timely filed" pleadings); *Domizio v. Progressive Co. Mut. Ins. Co.*, 54 S.W.3d 867, 875-76 (Tex. App.—Austin 2001, pet. denied) (summary judgment order states that it examined "the pleadings timely filed," and thus an amended pleading filed the day of the summary judgment motion was not considered by the trial court); *McIntyre*, 50 S.W.3d at 684 (trial court did not consider a late-filed pleading in part because the order does not recite the trial court considered "all the pleadings on file").

### *Application of Rules 63 and 93*

Appellants filed their "Original Answer, Response to Admissions, Requests for Disclosures [sic]" on January 28, 2011, specifically denying "Plaintiff has the legal capacity to sue or recover in the capacity in which it sues," and asserting that "Defendants Davis and Smiley are not liable in the capacity in which they are sued." Appellants, however, did not verify their

original answer with a sworn denial. *See* TEX. R. CIV. P. 93. The general denial in appellants' original answer was insufficient to raise the issue of appellee's lack of capacity to sue. *See Bluebonnet*, 324 S.W.3d at 609. Appellants' amended answer with a verified denial that "Plaintiff has the legal capacity to sue or recover in the capacity in which it sues," that "Davis and Smiley are not liable in the capacity in which they are sued," and alleging the affirmative defense of agency on behalf of the individual defendants, was filed at 8:28 a.m. on August 16, 2011. This was forty-seven minutes before the scheduled start of the hearing on appellee's motions for summary judgment. But there is no indication in the record appellants ever sought or obtained leave of court to file their amended answer on the date of the hearing. *See* TEX. R. CIV. P. 63. Moreover, neither the partial summary judgment order nor the final judgment state that the trial court considered all of the pleadings on file. On the contrary, they state that the court considered the "*pleadings timely filed.*" By reciting that it considered the "timely filed" pleadings, not "all of the pleadings," the trial court indicated it did not consider appellants' amended answer in the course of deciding appellee's summary judgment motions. *See, e.g., DMC Valley Ranch*, 315 S.W.3d at 903.

### Trial by Consent

Appellants, however, rely on *Basic Capital Mgmt. v. Dynex Comm., Inc.*, 348 S.W.3d 894, 899 n.19 (Tex. 2011) (citing *Roark*, 813 S.W.2d at 495) to argue appellee's assertions regarding the lack of a rule 93 verified denial are waived because the issue was tried by consent in the summary judgment proceeding. "Trial by consent may be appropriate in some limited summary judgment contexts." *PAS, Inc. v. Engel*, 350 S.W.3d 602, 610 (Tex. App.—Houston [14th Dist.] June 28, 2011, no pet.); *see also Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 83 n.2 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (when claims are tried by consent, court treats them as if they had been raised by the pleadings). Unpleaded affirmative defenses can

serve as a basis for summary judgment when the defenses are raised in the summary judgment motion and the opposing party does not object to lack of a proper pleading in either a written response to the motion or before rendition of judgment. *See Roark*, 813 S.W.2d at 495; *see also Basic Capital*, 348 S.W.3d at 899 (substance of defendant's assertion that plaintiffs could not recover for breaches of agreements because they were not parties to agreements was addressed in cross-motions for summary judgment). This rule can include situations where an unpleaded affirmative defense is raised for the first time in the response to a motion for summary judgment and the movant responds to the defense on the merits without objecting. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam) ("When [the plaintiff-nonmovant] asserted the discovery rule for the first time in its summary judgment response, [the defendant-movant] had two choices: it could object that the discovery rule had not been pleaded, or it could respond on the merits and try the issue by consent.").

The problem with appellants' argument is that their response to appellee's summary judgment motions did not raise the issue of SuperMedia's lack of capacity to bring suit. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response."). Appellants raised lack of capacity in their original petition, but that pleading was unverified, and their amended answer, which was verified, was filed less than an hour before the scheduled start of the summary judgment hearing—there is no indication appellants ever sought or obtained leave of court. Consequently, we cannot conclude the issue of SuperMedia's lack of capacity to sue was tried by consent. *See RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.— Houston [1st Dist.] 1997, pet. denied) ("[Trial by consent] is not intended to establish a general

–13–

rule of practice and should be applied with care, and in no event in a doubtful situation."). Because appellants failed to timely file a verified pleading, they waived the issue of appellee's lack of capacity to sue, and it was not necessary that appellee prove its capacity. We overrule appellants' first issue.

## MELVILLE DAVIS'S PERSONAL LIABILITY

In their second issue, appellants argue the trial court erred by granting summary judgment against Davis for breaching a contract "to which he was not a party." Appellants contend that "[b]y signing the contracts as 'CEO,' Davis gave notice he was signing the contracts as an agent for another," and that, as a result, he should not be held individually liable. Appellee responds that (1) Davis failed to timely file a verified denial that he is not liable in the capacity in which he was sued and did not timely plead the affirmative defense of agency; and (2) alternatively, failed to meet his summary judgment burden on the affirmative defense of agency.

As we discussed earlier, appellants' original answer, which denied Davis was liable in the capacity in which he was sued, was unverified. *See* TEX. R. CIV. P. 93. Additionally, appellants' amended and verified answer denying Davis was individually liable, and alleging agency on his behalf, was filed less than an hour before the start of the summary judgment hearing, and there is no indication in the record appellants ever sought or obtained leave of court. *See* TEX. R. CIV. P. 63. The trial court's order granting partial summary judgment and the final judgment both state the court considered the "*pleadings timely filed.*" *See, e.g., DMC Valley Ranch*, 315 S.W.3d at 903. Appellants cite Davis's affidavit, appended to appellants' response to the motions for summary judgment, for his assertion that he did not agree to be personally liable under the contracts. That paragraph of the affidavit, however, was (among other parts of the affidavit) objected to by appellee and struck by the trial court. The court's ruling is not being challenged

–14–

on appeal.  We may not consider stricken evidence when reviewing a summary judgment.  *See Esty*, 298 S.W.3d at 294.[4]

Appellants do not dispute the lack of a timely verified denial, but they cite the statement in rule 93 that pleadings do not need verification where "the truth of such matters appear[s] of record," *see* TEX. R. CIV. P. 93, and argue Davis was not required to verify his denial that he was not a party to the contracts because "the truth of that contention was proven in the record." "There is a dearth of case law in Texas dealing with the 'of record' exception to the verification requirement in Rule 93." *Cantu v. Holiday Inns, Inc.*, 910 S.W.2d 113, 116 (Tex. App.—Corpus Christi 1995, writ denied).  However, in *InvestIN.com Corp. v. Europa Int'l, Ltd.*, we concluded that an unverified supplemental answer properly raised the question of a party's individual liability when the "unambiguous language" of a settlement agreement included in the summary judgment record demonstrated the party did not assume personal liability.  293 S.W.3d 819, 825 (Tex. App.—Dallas 2009, pet. denied).  Because the "matter of Brigg's capacity appear[ed] of record in the summary judgment evidence," we did not require verification of the supplemental answer as a prerequisite to addressing the capacity question on appeal.  *Id.*; *see Cantu*, 910 S.W.2d at 117 ("[We] hold that if the asserted defect in parties appears of record in the summary judgment evidence in the case at bar, no verification is necessary."); *Haase*, 2010 WL 3294247, at *4 (summary judgment record did not contain uncontroverted evidence appellant lacked capacity to sue); *see also Harkness v. Harkness*, 709 S.W.2d 376, 378 (Tex. App.—Beaumont 1986, writ dism'd) (admissions made in answers to interrogatories and requests for admissions "appear of record" for purposes of rule 93); *Howell v. Thompson*, No. 11-09-00340-CV, 2011

---

[4] Moreover, an affidavit attached to a response to a motion for summary judgment cannot constitute a verified denial.  *See Hall v. Stephenson*, 919 S.W.2d 454, 465 (Tex. App.—Ft. Worth 1996, writ denied) (a summary judgment affidavit is not a pleading); *Freedman v. Briarcroft Property Owners, Inc.*, 776 S.W.2d 212, 215 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (affidavit filed in connection with summary judgment motion did not satisfy requirement of verified plea because summary judgment affidavits do not constitute part of the live pleadings of a case); *Barth v. Hoffman-La Roche, Inc.*, No. 05-01-00302-CV, 2002 WL 1225684 at * 3 (Tex. App.—Dallas 2002, no pet.) (not designated for publication) (a summary judgment response cannot establish a new cause of action or amend a live pleading).

WL 664763, at *1 (Tex. App.—Eastland Feb. 24, 2011, no pet.) (mem. op.) (per curiam) (appellee's pleading did not need to be verified because status as legal guardian "appear[ed] of record;" appellant admitted in original petition filed in trial court that appellee had been appointed legal guardian and order appointing appellee was attached to original petition).

Unlike *InvestIN.com*, the summary judgment record in this case does not contain uncontroverted or "unambiguous" evidence Davis was not liable in the capacity in which he was sued. Appellants point out that each agreement is signed by Davis as "CEO." But though Davis signed the contracts as "CEO," his signature does not include the name of the company for which he was signing, and the contracts reference the "business name" of the company being advertised as, at various times, "Flood, John C Plumbing & Heati" [sic], "Flood, John C Plumbing & Heating," "Flood John C. Plumbing & Heating," and "John C. Flood Inc."[5] It is well-settled that an agent seeking to avoid personal liability on a contract must plead and prove that the true name of the principal was fully disclosed to the other contracting party at the time the parties entered into the contract. *See Southwestern Bell Media, Inc. v. Trepper*, 784 S.W.2d 68, 71 (Tex. App.—Dallas 1989, no writ); *see also Wright Grp. Architects–Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 200 (Tex. App.—Dallas 2011, no pet.); *Patel v. Creation Const., Inc.*, No. 05-11-00759-CV, 2013 WL 1277874, at *1 (Tex. App.—Dallas Feb. 27, 2013, no pet.) (mem. op.). The burden is not on the party dealing with the agent to discover the existence of the relationship merely because he had a means of discovering the agent's representative capacity. *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 435 (Tex. App.—Austin 1986, writ ref'd n.r.e.); *Anderson v. Smith*, 398 S.W.2d 635, 637 (Tex. Civ. App.—Dallas 1965, no writ). Actual

---

[5] It is undisputed that the true names of the corporate appellants are "John C. Flood of DC, Inc." and "John C. Flood, Inc."

knowledge of the existence and identity of the principal is required; the contracting party's suspicion is not sufficient. *Trepper*, 784 S.W.2d at 71.[6]

To support this argument, appellants cite Nancy Logue's affidavit, attached to appellee's traditional motion for summary judgment, as evidence "SuperMedia's own business records showed that John C. Flood of DC was the customer in the contracts signed by Davis as CEO," and that "[i]t does not matter how [SuperMedia] acquired this knowledge, although it is reasonable to infer that Davis simply told the sales representative." Yet even if SuperMedia learned the identity of Davis's principal, the summary judgment evidence here does not show when or how it acquired that knowledge. *See Posey v. Broughton Farm Co.*, 997 S.W.2d 829, 832 (Tex. App.—Eastland 1999, pet. denied) (we look to time the parties entered into the agreement to determine if there was sufficient disclosure of an agency relationship). Additionally, and more precisely, Logue did not identify the "customer" in her affidavit but did connect Davis to the account stating it was the "account of Defendants John C. Flood of DC and Melville Davis." Nor do the records, the contracts, attached to Logue's affidavit identify a "customer." We therefore conclude Davis's lack of liability in the capacity in which he was sued does not "appear of record" in the summary judgment evidence. As a result, we do not consider Davis's capacity argument on appeal. *See Nootsie, Ltd.*, 925 S.W.2d at 662. We overrule appellants' second issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

---

[6] Appellants cite *Trepper* for the proposition that "signing contract as 'president' sufficient notice of agency," but, in fact, we noted that "[e]ven though by signing as president, Trepper may have fulfilled his first duty, he, nevertheless, failed in his second duty because he did not disclose his true principal. Failing to fulfill both of his duties necessary to avoid personal liability, Trepper assumed personal liability when he signed the contract." *Trepper*, 784 S.W.2d at 72. In addition, there was no question Trepper properly pleaded agency as an affirmative defense. *See id.* at 70.

–17–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN C. FLOOD OF DC, INC., JOHN C.
FLOOD, INC., AND MELVILLE DAVIS,
Appellants

V.

SUPERMEDIA, L.L.C., Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-16218.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellee SUPERMEDIA, L.L.C., recover its costs of this
appeal from appellants JOHN C. FLOOD OF DC, INC., JOHN C. FLOOD, INC., and
MELVILLE DAVIS.

Judgment entered this 2nd day of August, 2013.

/Lana Myers/
LANA MYERS
JUSTICE