Opinion filed October 31, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00297-CV

_____

### THE GANTER GROUP, L.L.C. D/B/A
### THE GANTER GROUP, Appellant

### V.

### CHOICE HEALTH SERVICES, INC., Appellee

**On Appeal from County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court Cause No. 12-000089-CV-CCL2**

## M E M O R A N D U M   O P I N I O N

In this appeal, The Ganter Group, L.L.C. d/b/a The Ganter Group sued Choice Health Services, Inc. to recover on a collections contract. Choice Health moved to dismiss the suit and alleged that The Ganter Group, L.L.C. d/b/a The Ganter Group had neither the capacity nor the standing necessary to bring the suit. Based upon its claim that capacity and standing were lacking, Choice Health took the position that the trial court had no jurisdiction in the case. The trial court

entered an order in which it stated that it "finds in all things the motion to be supported, and FINDS in all things [Choice Health] is entitled to its plead-for relief; THEREFORE, the Court DISMISSES the above-numbered and titled cause." Subsequently, however, the trial court entered its findings of fact and conclusions of law in which it concluded, as a matter of law, that The Ganter Group L.L.C. d/b/a The Ganter Group had no standing and that, therefore, the trial court had no jurisdiction. The trial court did not address the capacity issue in its findings and conclusions. We conclude that the trial court erred, and we reverse the trial court's order and remand for further proceedings.

Appellant alleges in its lawsuit that, in 2008, Choice Health accepted a proposal from The Ganter Group, an Oklahoma business, under the terms of which The Ganter Group was to review and collect certain unpaid Medicare claims. According to the proposal agreed to by Choice Health, all recovered amounts would be remitted directly to Choice Health, and Choice Health would pay The Ganter Group 25% of the amount recovered. The Ganter Group agreed to submit invoices on a monthly basis, and Choice Health agreed to pay the invoices in full within thirty days. Past-due amounts would bear interest at the rate of 12% per annum.

Appellant also alleges that The Ganter Group recovered more than $139,000 on behalf of Choice Health. In accordance with the contract, the funds were paid directly to Choice Health, and The Ganter Group submitted invoices to Choice Health for more than $38,000. The monthly invoices were dated from November 2008 through April 2009 and a final invoice in September 2009. It appears from Appellant's pleadings that Choice Health paid a portion of one invoice but failed to pay the balance due of $38,663.82. Demand letters were sent to Choice Health in March and in November 2009. In addition to the demand for payment, the demand

2

letters included a proposed six-month payout arrangement in an attempt to collect the invoices.

In June 2010, a lawsuit was filed in Brazos County, Texas, to recover damages from Choice Health for breach of the contract. The named plaintiff in that lawsuit was Ganter L.L.C. d/b/a The Ganter Group. Choice Health filed a "verified challenge to capacity and standing" and alleged that Ganter L.L.C. d/b/a The Ganter Group, an Oklahoma business, was not registered with the Texas secretary of state as required by the Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. § 9.051(b) (West 2012) ("A foreign filing entity . . . may not maintain an action . . . unless the foreign filing entity is registered . . . ."). Without responding to the challenge, and before the trial court ruled on the motion, Ganter L.L.C. d/b/a The Ganter Group voluntarily nonsuited its claim without prejudice.

Subsequently, the Texas secretary of state issued a "Certificate of Formation" to The Ganter Group, L.L.C. On the certificate of formation, Lewis C. Ganter Jr. was listed as the sole manager, and an Oklahoma address was provided. "Ganter L.L.C. d/b/a The Ganter Group" then filed the instant suit against Choice Health in January 2012 for breach of the 2008 contract. In an amended petition filed in July 2012, the designated plaintiff was "The Ganter Group, L.L.C. d/b/a The Ganter Group." Choice Health challenged the capacity of The Ganter Group, L.L.C. d/b/a The Ganter Group to sue on the contract because there was no privity between The Ganter Group, L.L.C. d/b/a The Ganter Group and Choice Health. Choice Health also challenged The Ganter Group, L.L.C. d/b/a The Ganter Group's standing, claiming it had no justiciable interest in the outcome of the suit because The Ganter Group, L.L.C. d/b/a The Ganter Group was not formed until 2011 and, therefore, could not have performed under the contract in 2008 and 2009.

In the trial court, Choice Health took the position that The Ganter Group, L.L.C. d/b/a The Ganter Group was not formed until after services were performed under the contract. It argued that, therefore, there was no privity of contract between it and The Ganter Group, L.L.C. d/b/a The Ganter Group and hence The Ganter Group, L.L.C. d/b/a The Ganter Group had no capacity to sue. Regarding the standing issue, Choice Health claimed that The Ganter Group, L.L.C. d/b/a The Ganter Group had no justiciable interest in the suit; that, because of the date that The Ganter Group, L.L.C. d/b/a The Ganter Group was formed, it could not have performed under the contract; and that "'Texas Ganter, LLC' [sic] is a complete stranger to [Choice Health]." The claim that The Ganter Group, L.L.C. d/b/a The Ganter Group has no justiciable interest in the suit is a jurisdictional one, and the privity-of-contract argument goes to capacity, which does not implicate jurisdiction. *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied). Therefore, our review of the trial court's order of dismissal—which granted Choice Health's motion in all things—is limited to whether Appellant has standing.

In order for us to ascertain Choice Health's position on appeal, we must refer to the appellate record because Choice Health's brief in this court contains no record references and no citations to authority. Instead, in its brief, Choice Health states: "[Choice Health] will rely on the Court's review of the Clerk's Record for a complete revelation of the arguments and authorities used by the court below in reaching its very sound decision in this matter." We have reviewed the clerk's record, and we note that there is no reporter's record.

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Heckman v. Williamson Cnty.*,

4

369 S.W.3d 137, 150 (Tex. 2012). When a party challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issue raised. *Miranda*, 133 S.W.3d at 227. Regardless of the procedural vehicle used to challenge standing, we treat it like a plea to the jurisdiction because standing is a component of subject-matter jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction is a plea intended "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland*, 34 S.W.3d at 554.

The plaintiff must plead facts that affirmatively show that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Through a plea to the jurisdiction, a defendant can challenge whether the plaintiff alleged sufficient jurisdictional facts and can challenge the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–27. If the plaintiff's pleadings affirmatively negate the existence of jurisdiction, or if the defendant offers undisputed evidence showing that the trial court lacked jurisdiction, the plea to the jurisdiction should be granted. *Heckman*, 369 S.W.3d at 150. If the relevant evidence is undisputed or fails to raise a fact question on the issue of jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227; *Bland*, 34 S.W.3d at 555.

A party must have standing to bring a lawsuit because it is a component of subject-matter jurisdiction. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The general test for standing requires a real controversy between the parties that will actually be determined by the judgment sought. *Id.* at 849. A party has standing to bring a claim if it has a sufficient relationship with the claim to have a justiciable interest in the outcome. *Id.* at 848. Furthermore, a party has standing when it is personally aggrieved, regardless of whether the party has the

capacity to bring the claim or whether the claim was brought in the correct capacity. *Id.* at 848–49.

In its first amended original petition, The Ganter Group, L.L.C. d/b/a The Ganter Group alleged that it was a Texas limited liability corporation doing business as The Ganter Group. Choice Health argued in its motion to dismiss that The Ganter Group, L.L.C. d/b/a The Ganter Group "cannot have performed any contract it asserts in its lawsuit" because, while its own pleadings show that it is a Texas limited liability company, the official records of the secretary of state show that "Plaintiff was not formed until August 12, 2011." Choice Health attached the certificate of formation that was issued by the secretary of state, which reflects a filing date of August 12, 2011.

In The Ganter Group, L.L.C. d/b/a The Ganter Group's response to Choice Health's challenge to capacity and standing, it continually refers to itself as "Plaintiff" and states that the contract provided that "Plaintiff" would collect the accounts and Choice Health would pay amounts due under the contract. Further, the claim is made that "Plaintiff . . . fully performed its obligations under the contract." In support of this contention, The Ganter Group, L.L.C. d/b/a The Ganter Group attached the affidavit of its sole manager, Lewis C. "Carl" Ganter Jr. Choice Health specifically adopts the Plaintiff's facts regarding the procedural nature of the case.

The Ganter Group had standing to bring this lawsuit, and the trial court erred in holding that it did not. To hold otherwise would be to hold that no assignee, collateral or otherwise, nor subsequent holder of an account or rights under a contract, could ever sue on it. Such holding would contravene Section 9.051(b)(2) of the Business Organizations Code. Further, the "failure of a foreign filing entity to register does not . . . affect the validity of any contract or act of the foreign filing

6

entity." BUS. ORGS. § 9.051(c)(1). The Ganter Group, L.L.C. d/b/a The Ganter Group's sole issue on appeal is sustained.

We reverse the trial court's order of dismissal and remand for further proceedings.


JIM R. WRIGHT

CHIEF JUSTICE


October 31, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.