**Nadine KING–MAYS, Appellant**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

**No. 05–04–01301–CV.**

Court of Appeals of Texas, Dallas.

June 8, 2006.

Nadine King–Mays, Dallas, pro se.

Christopher P. Carnohan, Abilene, for Appellee.

Before Justices MOSELEY, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

Nationwide Mutual Insurance Company (Nationwide) sued Nadine King–Mays to recover damages it allegedly paid to its insured as a result of the insured's auto accident involving King–Mays. The trial court subsequently rendered judgment in Nationwide's favor for damages, post-judgment interest, and costs.

King–Mays moved to vacate and set aside the judgment or, in the alternative, for a new trial, alleging that judgment was incorrectly entered in Nationwide's favor because no evidence was presented at trial as to privity between Nationwide and its insured, and therefore, Nationwide did not prove standing to sue or recover on behalf of its insured. The trial court denied King–Mays's motion. King–Mays appeals. We affirm.

## Plaintiff's Capacity to Sue

█ King–Mays's only issue is that Nationwide failed to present evidence proving that it was a subrogee for its insured, and therefore, the trial court improperly rendered judgment in favor of Nationwide. However, the record shows that King–Mays failed to file a verified denial of Nationwide's capacity to sue as subrogee to its insured's rights pursuant to Rule 93(2); without such an objection, Nationwide's capacity to recover as a plaintiff was deemed admitted. *See* TEX.R. CIV. P. 93 (providing that "[a] pleading ... shall be verified by affidavit .... [t]hat the plaintiff is not entitled to recover in the capacity in which he sues"); *Republic–Vanguard Life Ins. Co. v. Walters,* 728 S.W.2d 415, 421 (Tex.App.-Houston [1st Dist.] 1987, no writ). Failure to object constitutes a waiver. *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 56 (Tex.2003); *Prostok v. Browning,* 112 S.W.3d 876, 921 (Tex.App.-Dallas 2003), *rev'd on other grounds,* 165 S.W.3d 336 (Tex.2005). Because Nadine–Mays failed to raise the issue by filing a verified denial, it was waived.

█ Nadine–Mays attempts to argue that lack of capacity is synonymous with lack of standing. Standing can never be waived, while capacity to sue can be waived. *Prostok,* 112 S.W.3d at 921; *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993). As the Texas Supreme Court stated, "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). A challenge to privity is a capacity issue, not standing, and requires compliance with rule 93. *See Pledger v. Schoellkopf,* 762

S.W.2d 145, 145–46 (Tex.1988) (per curiam). We resolve the issue against King–Mays, and thus affirm the trial court's judgment.

## Appellee's Brief

The purpose of briefs is to help and conserve judicial resources, and when a brief fails to comply with the Texas Rules of Appellate Procedure, counsel, as an officer of the court, commits a severe disservice. *See Citizens Nat'l Bank v. Allen Rae Invs., Inc.,* 142 S.W.3d 459, 489–90 (Tex.App.-Fort Worth 2004, no pet.) (footnotes omitted)s. Appellee's counsel committed a severe disservice here.

█ Appellee's brief, excluding the cover page, signature lines, and certificate of service, was a page and a half in length. Although we generally commend counsel for brevity, we conclude appellee's brief would not have been excessively long if it had included any cites to the record or the law. Appellee cited neither. Thus, appellee's brief fails to comply with Rule 38 of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 38.

Ordinarily, this Court would strike the brief and require re-briefing, but in view of our disposition of appellant's point, interests of judicial economy dictate that we resolve the case now. *See Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.) (stating that the failure to support an issue with citations precludes review).

## Conclusion

We conclude the trial court properly denied King–Mays's motion stating appellee was not entitled to recover in its capacity. We affirm the trial court's judgment.