**AFFIRM; and Opinion Filed December 22, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00026-CV**

**DERRICK RICHARDSON, Appellant**
**V.**
**REPUBLIC TITLE OF TEXAS, INC., Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02244**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Rosenberg[1]
Opinion by Justice Rosenberg

Derrick Richardson appeals the trial court's summary judgment granted in favor of appellee Republic Title of Texas, Inc. In three issues, Richardson challenges Republic Title's standing and the trial court's denial of his motion for continuance and motion for new trial and asserts genuine issues of material fact existed such that the trial court's grant of summary judgment was in error. We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. 47.2((a), 47.4.

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned

## BACKGROUND

In 2008, Richardson formed FortCon, Incorporated with his then-girlfriend Tracey Hickman-Thomas. Richardson was a home builder and wanted to start a company to acquire work on military bases. In FortCon's Certificate of Formation, Hickman-Thomas was listed as the sole director and owned all the company's shares because FortCon was intended to be a woman-owned business for the purpose of obtaining federal contracts.

In 2009, Richardson signed, as president of Classical Homes, Inc., a general warranty deed that conveyed ownership of six lots of real property located in the City of Hutchins to FortCon. On May 5, 2020, Hickman-Thomas signed, as president of FortCon, a general warranty deed conveying five of those six lots of real property (the Property) to Shepard Place Homes, Inc. On July 13, 2020, Shepard Place Homes, Inc. conveyed the Property to Camden Homes, LLC. Republic Title issued a title policy, listing Camden Homes as the insured.

On October 8, 2020, Richardson sent a letter addressed to Camden Homes, Shepard Place Homes, the City of Hutchins Police Department, members of the Hutchins City Council, the Dallas District Attorney's Office, several banks, and title companies. In his letter, Richardson asserted the Property had been fraudulently transferred from FortCon to Shepard Place Homes. He claimed to be the owner of the Property and that Hickman-Thomas lacked the authority to sell same. He directed the title companies to "pause or cease any conveyance of title regarding

these lots . . . and advise [others] that these lots were illegally conveyed and shall be void."

On February 22, 2021, Republic Title filed a petition for declaratory judgment against Richardson, seeking a declaration that Hickman-Thomas had authority to sign the deed conveying the Property on behalf of FortCon and that the deed at issue is not fraudulent but rather a valid deed conveying the Property to Camden Homes.[2] Richardson filed an answer and counterclaim for a declaration that Hickman-Thomas lacked authority to sign the deed on behalf of FortCon and that Republic Title was on notice of same such that the deed in question was void.

On June 10, the trial court granted Richardson's counsel's motion to withdraw as counsel for Richardson. On June 25, Republic Title filed a motion for summary judgment, seeking traditional summary judgment on its own declaratory judgment action and no-evidence summary judgment on Richardson's counterclaim. On August 2, Richardson filed a pro se response. On August 10, Richardson retained new counsel who later filed a motion to continue on Richardson's behalf before the trial court ruled on the motion for summary judgment. On September 1, the trial court granted Republic Title's motion for summary judgment. Richardson filed a motion for new trial, arguing, among other things, that the trial court erred by failing

---

[2] Prior to filing this action, Republic Title sought and conducted Rule 202 depositions of Richardson and Hickman-Thomas.

to grant his motion to continue. The trial court overruled the motion for new trial. This appeal followed.

## DISCUSSION

### I. The Trial Court Had Subject Matter Jurisdiction

In his first issue, Richardson urges the trial court lacked subject matter jurisdiction. More particularly, according to Richardson, Republic Title lacked standing in the underlying suit, Republic Title's injuries were hypothetical and speculative such that its claim was not ripe, and Republic Title's claim lacked a justiciable issue the trial court could resolve.

We review questions of standing de novo because standing is a component of subject matter jurisdiction. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). Standing is a threshold requirement to maintaining a lawsuit. *See id.* at 240–41. To establish standing in Texas, a plaintiff must allege "a concrete injury . . . and a real controversy between the parties that will be resolved by the court." *See id.* at 241. Specifically, the plaintiff must allege a threatened or actual injury—it may not be hypothetical. *See id.*

Richardson contends that Republic Title was not entitled to bring suit against him on its own behalf, rather than as an agent of Camden Homes, and could not show either a contractual or common law right to bring suit against him. Although courts and parties have sometimes blurred the distinction between standing and capacity, we believe that the issue presented here is more appropriately characterized

–4–

as one of capacity. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *see, e.g.*, *King-Mays v. Nationwide Mut. Ins. Co.*, 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied) (concluding appellant raised issue of capacity by arguing trial court improperly rendered judgment for appellee insurer without evidence proving insurer was subrogee for its insured). A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *See id.* at 848–49. Unlike standing, however, which may be raised at any time, a challenge to a party's capacity must be raised by a verified pleading in the trial court. *See id.* at 849 (citing TEX. R. CIV. P. 93(1)–(2); *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003)). Richardson did not raise the issue of capacity in the trial court and thus has failed to preserve the issue on appeal. *See King-Mays*, 194 S.W.3d at 145.

As for ripeness and lack of justiciable controversy, Richardson argues Republic Title's action seeking a declaration of rights is insufficient to establish that an injury had or was likely to occur at the time Republic Title filed its suit.[3]

The issue of ripeness questions when a particular action may be brought and inquires as to whether the facts have developed sufficiently so that an injury has

---

[3] Ripeness is a component of subject matter jurisdiction, and ripeness is one of several categories of justiciability, and thus we apply a de novo review here as well. *See Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020); *Noell v. Air Park Homeowners Ass'n, Inc.*, 246 S.W.3d 827, 832 (Tex. App.—Dallas 2008, pet. denied).

occurred or is likely to occur. *Noell v. Air Park Homeowners Ass'n, Inc.*, 246 S.W.3d 827, 832 (Tex. App.—Dallas 2008, pet. denied). The focus of the ripeness inquiry is therefore on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all. *Id.*

However, a justiciable controversy need not be a fully ripened cause of action. *Id.* To confer jurisdiction, the fact situation must manifest the ripening seeds of a controversy, which appear where the claims of several parties are present and indicative of threatened litigation in the immediate future which seems unavoidable, even though the differences between the parties as to their legal rights have not reached the state of an actual controversy. *Id.* A declaratory judgment action does not vest a court with the power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication. *Id.*

Here, Republic Title's petition alleged that soon after it closed the transaction between Shepherd Place and Camden Homes, Richardson sent a letter to numerous title companies, lenders and other recipients alleging that he was the president of FortCon and that Hickman-Thomas, whose signature appears on the deed in question, was not authorized to sign the deed. Moreover, Republic Title included a copy of that letter as an exhibit to its motion for summary judgment, and that letter claims that Richardson filed a police report with the City of Hutchins Police Department for theft of properties and specifically advises "Title Companies: Please

pause or cease any conveyance of title regarding these lots.  Also, please . . . advise that these lots were illegally conveyed and shall be void." We conclude the petition and the evidence thus are indicative of threatened litigation in the immediate future with respect to the ownership of the Property and Republic Title's obligations under its policy such that the trial court did not err in concluding it had subject matter jurisdiction.  *See Noell*, 246 S.W.3d 827, 832

We overrule Richardson's first issue.

## II. The Trial Court Did Not Err by Denying Richardson's Motion for New Trial

In his second issue, Richardson argues the trial court abused its discretion by denying his motion for new trial.  His motion for new trial sought relief on two grounds: first, the trial court erred by denying his motion for continuance of the summary judgment, and second, the trial court erred by granting summary judgment in favor of Republic Title.

### A. The Trial Court Did Not Err by Denying Richardson's Motion for Continuance

According to Richardson, his previous counsel failed to respond to written discovery requests propounded by Republic Title before the deadline to do so and failed to advise the trial court and Richardson of the deadline to respond to same before withdrawing from representation.  Richardson obtained new counsel who filed a verified motion for continuance after the motion for summary judgment was heard by submission but before the trial court ruled.  In his motion for new trial and

–7–

on appeal, Richardson argued the trial court abused its discretion by denying his motion because the case had been on file for approximately seven months, the deadline for discovery had not yet passed before the trial court granted summary judgment, and his motion to continue requested additional time to conduct discovery and cure other discovery issues.

We review the denial of a motion for continuance for an abuse of discretion. *Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). A trial court does not abuse its discretion by denying a motion for continuance that does not meet the requirements of rule 252 of the Texas Rules of Civil Procedure. *Id.* Rule 252 provides for the application of continuance and requires that if a party applies for continuance to conduct discovery,

> the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

TEX. R. CIV. P. 252. Accordingly, we have held that if a continuance is sought in order to pursue further discovery, the motion must describe the evidence sought, explain its materiality, and show the party requesting the continuance has used due diligence to obtain the evidence. *See Crosby*, 295 S.W.3d at 356.

Here, Richardson's motion for continuance explained his need for continuance as follows:

> Because of the short amount of time of the undersigned's retention, the undersigned has not had a sufficient amount of time to review all of the written discovery, depositions, and Plaintiff's Motion for Summary Judgment. It appears at first glance that additional necessary parties need to be brought into the case, i.e., the person that sold the lots and the buyers of the lots, in a cross-action. It also appears that there are several outstanding discovery issues that must be cured. The undersigned counsel therefore request a continuance of Plaintiff's Motion.

Thus, the motion did not describe what evidence Richardson sought, explain its materiality, or show that he had used due diligence to obtain the evidence. *See Crosby*, 295 S.W.3d at 356.

Moreover, to the extent Richardson complains about the time the case had been on file and the fact that the deadline for discovery had not yet passed, the authorities he cites indicate length of time the case has been on file is one of many factors to consider and that other factors include the materiality of the discovery sought and whether the party seeking the continuance had exercised due diligence. *See Laughlin v. Bergman*, 962 S.W.2d 64, 65–66 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *Levinthal v. Kelsey-Seybold Clinic, P.A.*, 902 S.W.2d 508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Verkin v. Sw. Ctr. One, Ltd.*, 784 S.W.2d 92, 94–95 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Having concluded Richardson failed to comply with rule 252, we decline his invitation to consider the timing of the motion as dispositive on this record.

Accordingly, we overrule Richardson's second issue.[4]

### B. The Trial Court Did Not Err by Denying Richardson's Motion for New Trial Granting Summary Judgment

In the second part of his second issue, Richardson complains the trial court erred by denying his motion for new trial, urging genuine issues of material fact exist as to whether Hickman-Thomas was removed as president, director, and sole shareholder of FortCon such that the trial court's grant of summary judgment was in error.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We must determine whether there is more than a scintilla of probative evidence raising genuine issues of material fact. *See* TEX. R. CIV. P. 166a(c), (i).[5] We review the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). Undisputed evidence may be conclusive of the absence of a material

---

[4] Because we conclude the trial court did not abuse its discretion by failing to grant Richardson's motion to continue, we further conclude the trial court did not err by denying the motion for new trial on that ground. *See, e.g.*, *Lowe v. Townview Watersong, L.L.C.*, 155 S.W.3d 445, 448 (Tex. App.—Dallas 2004, no pet.) (having concluded no abuse of discretion in granting continuance, likewise concluded appellant failed to demonstrate trial court abused its discretion in denying motion for new trial).

[5] Both parties brought forth summary judgment evidence in the context of Republic Title's hybrid no-evidence and traditional motion, "so the differing burdens of the two forms of summary judgment motion are of no import here. The ultimate question is simply whether a fact issue exists." *See Buck, v. Palmer*, 381 S.W.3d 525, 527 n.2 (Tex. 2012).

–10–

fact issue, but only if reasonable people could not differ in their conclusions as to that evidence. *See id.*

Richardson argues he provided evidence that Hickman-Thomas was removed as president and director of FortCon in 2015. He also urges she conflicted herself in her testimony that she has been the president, director, and sole shareholder of FortCon from 2009 through the time of her testimony in January 2021, that she requested to remove herself from FortCon in 2017, and that Richardson had been a director of FortCon at an unspecified time between 2009 and the time of her testimony. Finally, he argues that publicly available documents identified him as claiming to be the president of FortCon such that Republic Title had constructive notice of same.

We initially conclude that Republic Title offered evidence that established Hickman-Thomas had the authority to transfer ownership of the Property on May 5, 2020, when she signed a general warranty deed conveying the Property to Shepard Place Homes, Inc. The record includes a copy of that deed as well as the 2008 Certificate of Formation for FortCon, which identified Hickman-Thomas as the sole director of FortCon. The record also includes the 2009 general warranty deed that conveyed ownership of the Property to FortCon. The record contains an application for reinstatement of FortCon's charter in 2015, which includes Hickman-Thomas's signature, as well as a certificate of consent to action without meeting of the sole director dated March 31, 2020, and signed by Hickman-Thomas as president of

FortCon, which identifies her as "sole signor of FortCon, Inc," as well as an affidavit from Hickman-Thomas swearing that from 2009 until the execution of that affidavit that she has been the president, sole shareholder, and director of FortCon. Finally, the record contains a December 20, 2019 tax citation from Dallas County identifying Hickman-Thomas as director of FortCon.

We disagree with Richardson that any of the evidence he specifically identifies or any of the evidence in the record constitutes a material fact issue regarding whether Hickman-Thomas had the authority to transfer ownership of the Property on behalf of FortCon.[6] Although Hickman-Thomas testified that at one time she requested to be removed from a position of authority or ownership of FortCon, she also testified that she never received any documentation to authorize her removal and that no further action outside of her email exchange with Richardson ever took place. The 2020 deed conveying the Property from FortCon to Shepherd Place was signed by Hickman-Thomas as "president." The 2008 Certificate of Formation identified only Hickman-Thomas as the director of FortCon, and Richardson testified that she was the sole director of FortCon at the time of its formation.

---

[6] The evidence in the record is comprised of exhibits to Republic Title's motion, Richardson's pro se response, and Richardson's motion for new trial. Republic Title objected to Richardson's pro se response as untimely and not served on them. The trial court did not explicitly rule on Republic Title's objection when it granted summary judgment in favor of Republic Title. Assuming, without deciding, our review encompasses all exhibits filed, not just those attached to Republic Title's motion, our conclusion remains the same as discussed *infra*.

–12–

Evidence in the record indicates that at least one time, Hickman-Thomas expressed interest in transferring ownership of FortCon from herself to Richardson, but we conclude that evidence is no more than a mere scintilla. Richardson testified that in 2015 or 2017 or 2018, Hickman-Thomas transferred all ownership of FortCon to Richardson and that she "did not have decision making . . . ability with FortCon." In his pro se response to Republic Title's motion for summary judgment, Richardson attached an email he had written to Hickman-Thomas, purportedly to send her a document that would transfer ownership of FortCon from Hickman-Thomas to himself. The document itself was not included in the record. Richardson also offered text message exchanges that he averred were between himself and Hickman-Thomas and indicated her interest in disclaiming any ownership in FortCon. However, he did not offer any documents to support that this transfer of ownership took place. Instead all documentation in the record supports that Hickman-Thomas had the authority to transfer the Property on behalf of FortCon.

The publicly available documents Richardson claims gave Republic Title constructive notice that he claimed to be the president of FortCon do not create a fact issue either. The record contains a certificate of amendment from September 26, 2016, and signed by Richardson, which requests removal of Hickman-Thomas as director of FortCon and the addition of Richardson as director of FortCon. But, given the evidence that Hickman-Thomas was the sole director and owner of FortCon, such a certificate of amendment could not possibly be effective without

–13–

some indication of her consent. *See Acton v. Point-O-Purchase Advertising Co.*, 143 S.W.2d 406, 409 (Tex. App.—Dallas 1940, no writ) (holding sole owners of all corporation's stock privileged as individuals to deal as they chose with corporation's property); *see also Newman v. Toy*, 926 S.W.2d 629, 631 (Tex. App.—Austin 1996, writ denied) (similar). The other documents are a 2015 franchise tax report signed by Richardson as president of FortCon and a 2016 statement of change of the registered agent from Hickman-Thomas to Richardson, neither of which establishes or creates a fact issue as to Hickman-Thomas's authority, as she may have become president of FortCon after that time or retained her ownership of FortCon or her position as sole director. *See id.*

Accordingly, we conclude the evidence establishes as a matter of law that Hickman-Thomas had authority to transfer ownership of the Property and that no more than a scintilla of evidence in the record controverts that conclusion. Thus, we overrule the second part of Richardson's second issue.

### CONCLUSION

We affirm the trial court's order granting Republic Title summary judgment.

/Barbara Rosenberg/
BARBARA ROSENBERG
JUSTICE, ASSIGNED

220026F.P05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DERRICK RICHARDSON,
Appellant

No. 05-22-00026-CV     V.

REPUBLIC TITLE OF TEXAS,
INC., Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-02244.
Opinion delivered by Justice
Rosenberg. Justices Partida-Kipness
and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee REPUBLIC TITLE OF TEXAS, INC. recover its costs of this appeal from appellant DERRICK RICHARDSON.

Judgment entered this 22nd day of December 2022.