**AFFIRM; Opinion Filed November 30, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01185-CV

**D. CRAIG WALKER, Appellant**
**V.**
**AMERICAN EXPRESS NATIONAL BANK, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-18130**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

D. Craig Walker appeals the judgment in favor of appellee American Express National Bank ("National Bank") on its claim against him for breach of a credit account agreement. In his first issue, Walker argues National Bank lacked standing and capacity because there was insufficient evidence to establish that National Bank was a party to the credit account agreement upon which it sued. In his second and third issues, Walker urges the trial court improperly permitted National Bank to offer evidence at trial in direct contradiction of judicial admissions and factual assertions made in National Bank's original petition and disclosures. Because all dispositive

issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4. We affirm.

## BACKGROUND

On December 8, 2020, National Bank filed suit against Walker, asserting a claim for breach of contract. More particularly, National Bank alleged Walker had obtained a credit account from National Bank, entered into a credit account agreement with National Bank, and failed to repay all of the credit services, leaving an unpaid balance of $60,072.74. In February 2021, National Bank sought and obtained default judgment against Walker. The following month, Walker filed a motion for new trial, urging, among other things, that the 2011 credit account agreement attached to the motion for default judgment named "American Express Centurion Bank" ("Centurion Bank") as the issuer, not "American Express National Bank," and that the motion included no evidence to link National Bank with Centurion Bank. In May 2021, the trial court signed an order granting a new trial. Approximately one year later, Walker filed his original answer, in which he generally denied National Bank's allegations and asserted several affirmative defenses, including that National Bank lacked standing and capacity.

On June 3, 2022, the case proceeded to a trial before a jury. During that trial, National Bank offered evidence that there was "an internal structure change of American Express where we went from American Express Centurion Bank to American Express National Bank." National Bank also offered, and the trial court

–2–

admitted, a certificate of conversion to a national bank from the federal Office of the Comptroller of the Currency, which stated that effective April 1, 2018, "American Express Centurion Bank" converted to a national banking association under the title of "American Express National Bank." Walker objected to evidence that National Bank is the same entity as Centurion Bank as "leading and . . . at variance with the pleadings, the affidavits and the initial disclosures." The trial court reserved the question of law and otherwise overruled Walker's objection.

At the charge conference, Walker objected to the language in the charge that referred to "American Express Centurion Bank" because National Bank did not plead or disclose that it was formerly known as "American Express Centurion Bank." The trial court overruled those objections. The jury charge defined "Agreement" to refer to the credit account agreement between "American Express National Bank formerly known as American Express Centurion Bank" and Walker. The jury answered yes to (1) whether Walker agreed to the terms offered by "American Express National Bank formerly known as American Express Centurion Bank"; (2) whether Walker failed to comply with the Agreement; and (3) whether Walker's failure to comply with the Agreement caused an injury to "American Express National Bank formerly known as American Express Centurion Bank." Finally, the jury awarded National Bank $60,072.74 in damages. On July 26, 2022, the trial court signed a judgment consistent with the jury's verdict in favor of National Bank and awarding $60,072.74.

The following month, Walker filed a motion for judgment notwithstanding the verdict and a motion for new trial, in which he urged National Bank identified itself in all pleadings, motions, and disclosures as "American Express National Bank" despite relying on an agreement that named "American Express Centurion Bank" as the issuer. Walker argued that the trial court erred by admitting any evidence regarding any relationship between the two entities as contrary to National Bank's judicial admissions in its pleadings or the positions taken in its previously filed motions and disclosures. The trial court did not rule on the motion for judgment, and the motion for new trial was overruled by operation of law. This appeal followed.

## DISCUSSION

In his first issue, Walker argues the trial court erred by denying his motion for judgment notwithstanding the verdict (JNOV) on the ground that there was insufficient evidence in the record to establish that National Bank was a party to the credit account agreement upon which it sued and therefore had standing and capacity to bring suit against Walker. In his second and third issues, Walker argues that in its petition and in its initial disclosures, National Bank identified the plaintiff as "American Express National Bank" and alleged that "American Express National Bank" had entered into a credit account agreement with Walker. Walker urges that such statements, without ever identifying or otherwise naming "American Express Centurion Bank," are judicial admissions and admitted facts, which National Bank

was barred from disputing, such that the trial court improperly admitted any evidence contradicting the same. More particularly, Walker argues in that the trial court's decision to admit into evidence a certificate of conversion to a national bank from the federal Office of the Comptroller of the Currency, which stated that effective April 1, 2018, "American Express Centurion Bank" converted to a national banking association under the title of "American Express National Bank." Because this evidence was offered in support of National Bank's standing and capacity to bring suit against Walker, we will address Walker's second and third issues before addressing his first.

Walker relies on several cases holding that assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions, which bar the admitting party from later disputing the admitted fact. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001); *Lyons v. Lindsey Morden Claims Mgmt., Inc.*, 985 S.W.2d 86, 92 (Tex. App.—El Paso 1998, no pet.). He also relies on Rule 193.6(a) of the rules of civil procedure, which provides, "A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed." TEX. R. CIV. P. 193.6(a) (further providing for exceptions for "good cause" and showing of lack of unfair surprise or prejudice).

However, in objecting to the certificate of conversion, Walker's objection was to any evidence that contradicted National Bank's self-identification in its petition and disclosures as the party with whom Walker entered into the credit account agreement. This Court has stated that a challenge to a party's privity of contract is a challenge to capacity. *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied) (citing *Landry's Seafood House–Addison, Inc. v. Snadon*, 233 S.W.3d 430, 433–34 (Tex. App.—Dallas 2007, pet. denied); *King–Mays v. Nationwide Mut. Ins. Co.,* 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied)). The rules of civil procedure provide for challenging the plaintiff's legal capacity to sue. *See id.* (citing TEX. R. CIV. P. 93(1)); *see, e.g. Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) (citing TEX. R. CIV. P. 93; *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988) ("When capacity is contested, Rule 93 requires that a verified plea be filed unless the truth of the matter appears of record.").

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (per curiam). In arguing his second and third issues, Walker challenges the trial court's decision to admit into evidence a certificate establishing Centurion Bank converted to a national bank. His only basis for arguing that the admission of the certificate was an abuse of discretion was that it improperly contradicted judicial admissions and factual assertions in disclosures. However, the statements Walker characterizes as

–6–

judicial admissions and factual assertions are instead statements identifying the plaintiff and party to the credit account agreement at issue in this case, and Walker filed a verified plea challenging National Bank's capacity to sue. *See* TEX. R. CIV. P. 93(1). Therefore, we cannot conclude the trial court abused its discretion in admitting the certificate on this record.

Accordingly, we overrule Walker's second and third issues.

In his first issue, Walker argues the trial court erred by denying his motion for JNOV on the ground that there was insufficient evidence in the record to establish that National Bank was a party to the credit account agreement upon which it sued and therefore had standing and capacity to bring suit against Walker.

A trial court may disregard a jury's verdict and render a JNOV if no evidence supports one or more of the jury's findings or if a directed verdict would have been proper. *See Dixie Carpet Installations, Inc. v. Residences at Riverdale, LP*, 599 S.W.3d 618, 624 (Tex. App.—Dallas 2020, no pet.) (citing *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003)). We review a trial court's decision to grant or deny a motion for JNOV under the legal sufficiency standard of review. *See Lutterodt v. Emily Lane Owners Ass'n, Inc.*, No. 05-14-01329-CV, 2016 WL 3381919, at *2 (Tex. App.—Dallas June 16, 2016, pet. denied) (mem. op.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (test for legal sufficiency is same for directed verdict, JNOV, and appellate no-evidence review)). We credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence

unless reasonable jurors could not. *See id.* (citing *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009); *Oncor Elec. Delivery Co., LLC v. S. Foods Grp., LLC*, 444 S.W.3d 699, 703 (Tex. App.—Dallas 2014, no pet.)). We will uphold the jury's finding if more than a scintilla of competent evidence supports it. *See id.* (citing *Tanner*, 289 S.W.3d at 830. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *See id.* (citing *Tanner*, 289 S.W.3d at 830).

A party must have both standing and capacity to sue.[1] *SuperMedia, L.L.C.*, 408 S.W.3d at 650 (citing *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005)). This Court has stated that a challenge to a party's privity of contract is a challenge to capacity, not standing.[2] *See id.* at 651 (citing *Snadon*, 233 S.W.3d at 433–34; *King–Mays*, 194 S.W.3d at 145). Privity is established by proving the

---

[1] "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *See SuperMedia*, 408 S.W.3d at 650 (citing *Austin Nursing Ctr.,* 171 S.W.3d at 849) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1559, at 441 (2d ed. 1990)). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *See id.* (citing *Austin Nursing Ctr.*, 171 S.W.3d at 848–49 (quoting *Nootsie Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)); *Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied)) (emphasis in original).

[2] "While the question of whether a party is entitled to sue on a contract is often informally referred to as a question of 'standing,' it is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *See SuperMedia*, 408 S.W.3d at 651 (quoting *Heartland Holdings Inc. v. U.S. Trust Co. of Tex.*, 316 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2010, no pet.)); (citing *James M. Clifton, I, Inc. v. Premillenium, Ltd.*, No. 05–08–01528–CV, 2010 WL 2089655 at *2 (Tex. App.—Dallas May 26, 2010, no pet.) (mem. op.)).

defendant was a party to an enforceable contract with either the plaintiff or someone who assigned its cause of action to the plaintiff. *See id.*

Here, the evidence admitted at trial showed that in 2011 Walker entered into a card member agreement with "American Express Centurion Bank." National Bank offered, and the trial court admitted, a certificate of conversion to a national bank, which indicated that effective April 1, 2018, "'American Express Centurion Bank' Salt Lake City, Utah, converted to a national banking association under the title of 'American Express National Bank' with the Charter No. 25151." That certificate was certified to by an acting comptroller of the currency with the federal Office of the Comptroller of the Currency. At trial, William McCarter, testified he was an assistant custodian of records for American Express National Bank and that since Walker entered into the 2011 card member agreement, there "was an internal structure change of American Express where we went from American Express Centurion Bank to American Express National Bank." We conclude this evidence constitutes more than a scintilla of evidence to support the trial court's judgment in favor of National Bank. *Compare Rizvi v. Am. Express Nat'l Bank*, No. 02-19-00197-CV, 2020 WL 3969585, at *6 (Tex. App.—Fort Worth June 18, 2020, no pet.) (mem. op.) (holding as sufficient evidence to support judgment testimony of assistant custodian of records that "American Express Bank, FSB" had merged with "American Express National Bank" such that the latter could sue upon the accounts of the former), *with Thomas v. Am. Express Nat'l Bank*, No. 05-22-00024-CV, 2022

WL 17843546, at *2 (Tex. App.—Dallas Dec. 22, 2022, no pet.) (mem. op.) (reversing and rendering judgment where "there is nothing in the record to explain the relationship, if any, between Amex National, the party seeking recovery, and Amex Centurion, the party with whom Thomas had an agreement").

We overrule Walker's first issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
221185F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

D. CRAIG WALKER, Appellant

No. 05-22-01185-CV     V.

AMERICAN EXPRESS
NATIONAL BANK, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-18130.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN EXPRESS NATIONAL BANK recover its costs of this appeal from appellant D. CRAIG WALKER.

Judgment entered this 30th day of November 2023.