**Opinion issued January 22, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00183-CV

_____

**DENNIS FISHER AND SHERYL FISHER, Appellants**

**v.**

**PINE VILLAGE NORTH ASOCIATION, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-56465**

---

## MEMORANDUM OPINION

Pro se appellants Dennis and Sheryl Fisher appeal from the judgment obtained by appellee North East Pine Village Home Owners Association d/b/a Pine Village North Association (the HOA) in a forcible-detainer action. The Fishers argue the

judgment was void because the HOA lacked standing to pursue a forcible-detainer action. We affirm the trial court's judgment.

## Background

The Fishers own and occupy residential real property subject to the HOA. The HOA alleges the Fishers failed to pay amounts they owe to the HOA. The HOA filed suit to recover over $20,000 allegedly owed by the Fishers. In the suit, the HOA sought judicial foreclosure of a lien on the Fishers' residence securing the unpaid assessments.

### A.    The Fishers' Answers

In the Fishers' original and amended answer in the trial court, the Fishers included an unsworn "verified denial" challenging the HOA's capacity to bring its suit. The Fishers' stated grounds for their capacity challenge were that (1) another court had ordered the HOA not to file any new foreclosures until certain events occurred, which events the Fishers alleged had not yet all occurred; and (2) the HOA had filed suit in violation of sections 392.301 ("Threats or Coercion") and 392.303 ("Unfair or Unconscionable Means") of the Texas Finance Code, both of which relate to prohibited methods of debt collection.

### B.    The Fishers' Motions to Show Authority

The Fishers filed multiple "motions to show authority" in the trial court. The record includes their July 28, 2017 motion to show authority; an October 4, 2018

"first amended" motion to show authority; a January 31, 2019 "second amended" motion to show authority; and a December 21, 2023 "Rule 12 Motion" that, while not titled a "motion to show authority," requested similar relief on similar grounds as the other motions.

The Fishers' 2017 motion to show authority was a verified motion under rule 12 of the Texas Rules of Civil Procedure challenging the HOA's counsel's authority to prosecute the HOA's claims. *See* TEX. R. CIV. P. 12 ("A party in a suit . . . pending in a court of this state may, by sworn written motion stating that he believes the suit . . . is being prosecuted . . . without authority, cause the attorney to be cited to appear before the court and show his authority to act."). In that motion, the Fishers reiterated and expanded upon their challenge to the HOA's capacity to bring suit. The Fishers argued that the suit was filed at a time when no member of the HOA's board had authority to bring suit or to order subsequent board elections. The Fishers alleged that a past HOA board was elected pursuant to an order entered in Cause No. 2013-23075 in the 11th District Court of Harris County, in which that court appointed a special master to conduct the election. The Fishers alleged further that, when that court later dismissed Cause No. 2013-23075 pursuant to the parties' settlement, it failed to make its order adopting the special master's report and recommendation part of the final judgment. The Fishers argued that, as a result, the HOA board elected under the special master's supervision was an "interlocutory board" that was

3

never authorized to act on behalf of the HOA. Because that board did not have the authority to administer subsequent HOA board elections, the Fishers reasoned further that neither the HOA board elected under the special master's supervision nor any subsequent HOA board has had the authority to authorize the underlying lawsuit.

In its response to the Fishers' motion to show authority, the HOA argued that the special master's report was conclusive on all issues it addressed because, at the time it was adopted by District Court No. 11, no objection had been made to it. *See Lesikar v. Moon*, 237 S.W.3d 361, 371 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("If no proper objection is made to the master's report before the trial court adopts it, the report becomes conclusive on the issues considered by the master."). The HOA argued further that the proceedings in Cause No. 2013-23075 concerned a prior HOA board and that other HOA boards, including the HOA board that authorized the filing of the lawsuit, had since been elected pursuant to the board's bylaws.

In their reply in support of their motion to show authority, the Fishers alleged in part that objections had been made to the special master's report in Cause No. 2013-23075 before District Court No. 11 adopted the report. The trial court denied the 2017 motion in a November 28, 2017 order, without stating its reasoning.

4

In one or both of their 2018 and 2019 "amended" motions to show authority, which were also filed under rule 12 and verified by the Fishers, the Fishers argued that the HOA lacked authority and/or standing to sue for the reasons mentioned in the Fishers' 2017 motion to show authority and because (1) the HOA was involuntarily dissolved by the Texas Secretary of State and became inactive in 2018; (2) the HOA was unable to reinstate under the name Pine Village North Association because another entity had since reserved that corporate name; and (3) the HOA had been placed in forfeiture by the Texas Comptroller's Office.

The HOA's arguments in response included that: (1) section 11.356 of the Texas Business Organizations Code permits an entity involuntarily terminated by the Secretary of State to prosecute legal actions in its name for three years following its termination; and (2) the HOA's franchise tax status had not been forfeited.

In their 2023 motion, which they filed the day before trial, the Fishers again challenged opposing counsel's authority under rule 12 of the Texas Rules of Civil Procedure. In the motion, the Fishers made arguments similar to those they had made in their 2018 and 2019 amended motions to show authority, but also asked the trial court to order opposing counsel to provide proof of authority to prosecute claims on behalf of North East Pine Village Home Owners Association (NEPV HOA), the name used by the HOA after it was reinstated. The Fishers argued that "the burden of establishing standing rests on the plaintiff," and that NEPV HOA lacked

5

"standing" because it failed at formation to comply with various statutory requirements for meeting notices, meeting quora, open meetings, board elections, and reinstatement.[1]

The trial court's December 22, 2023 final judgment makes no reference to the Fishers' 2018, 2019, or 2023 motions to show authority but, along with stating that its judgment was a final judgment that disposed of all claims and all parties, and was appealable, denied all relief requested in the case that was not expressly granted.

## C. The Trial and Judgment

In a housekeeping discussion with the parties just before trial, the trial court declined to rule on the rule 12 motion that the Fishers had filed the day before trial, in which the Fishers argued in part that, because NEPV HOA was not properly formed, the HOA could not meet its burden to prove that NEPV HOA had standing to sue the Fishers. The trial court noted: "To the extent that you're challenging [NEPV HOA's] capacity to sue or its standing to sue, those are the kinds of merits types of things that we can take up during the course of this trial on the merits. You can talk about those and put your evidence on for that for this trial."

After conducting a short bench trial, at which the Fishers appeared and represented themselves, the trial court entered judgment in favor of the HOA. The

---

[1] As discussed below, these are challenges to NEPV HOA's capacity to file suit that the Fishers erroneously characterized as standing challenges.

6

trial court awarded the HOA $23,064.47 as "delinquent assessment fees" and late charges due as of the date of the trial, and $29,142.54 in attorney's fees and expenses. In addition, the trial court granted foreclosure of the HOA's lien on the Fisher's residence.

After the Fishers filed a request that the trial court issue findings of fact and conclusions of law, the trial court did so, concluding that it had subject-matter jurisdiction over the HOA's claims, the HOA had standing to bring those claims, and the Fishers had not established by a preponderance of the evidence their allegation that the HOA lacked the capacity to sue. The Fishers filed a "Request for Additional or Amended Findings of Fact" in which they challenged the trial court's conclusion that the HOA had standing to bring its claims, incorporated by reference their rule 12 motion as to NEPV HOA, and asked the trial court to explain the legal and factual bases for its ruling. The trial court does not appear to have ruled on the Fishers' request.

The Fishers filed this appeal. In their appeal, the Fishers claim that the trial court erred in entering judgment for the HOA because the HOA lacks standing. To the extent the Fishers' "Issues Presented" include any additional points of error, the Fishers have not briefed the issues and we do not address them.[2]

---

[2]    For example, in the "Issues Presented" section of their appellate brief, the Fishers claim that the trial court erred in not ordering the HOA to demonstrate its compliance with sections 392.101 and 392.307 of the Texas Finance Code, which

## HOA's Capacity to Sue

The Fishers claim on appeal that the HOA lacked standing to seek the relief it sought in the trial court, noting in a heading that their appeal is brought "on Authority of Texas Rule of Civil Procedure 12." The Fishers argue that the HOA lacks standing because: (1) the HOA was involuntarily dissolved by the Texas Secretary of State in 2018; (2) the HOA was unable to reinstate under the name Pine Village North Association because another entity had since reserved that corporate name; (3) the HOA has thus attempted to reinstate under the NEPV HOA name; and (4) NEPV HOA was not properly formed because it failed to comply with various statutory requirements for meeting notices, meeting quora, open meetings, board elections, and reinstatement.[3]

---

relate to debt collection. The Fishers also claim in the "Summary of the Argument" section of their brief that they asked the trial court to require the HOA to demonstrate proof of its compliance with section 392.307. However, the Fishers make no further reference to either statute. The Texas Rules of Appellate Procedure require adequate briefing, and a party's failure to comply with those rules can result in waiver. *Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025) (citing TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.")); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (requiring timely and specific objection in trial court to preserve error).

[3] The Fishers also claim that the court in *N. E. Pine Vill. Home Owners Ass'n v. 12403 W Vill. Drive Unit #D Tenant, All Occupants*, Cause No. 1207429 in the Harris County Civil Court at Law No. 3, denied NEPV HOA relief because NEPV HOA was unable to demonstrate that it had standing, but do not cite to any record support for that claim. This Court cannot consider attachments to the Fishers' brief that are not part of the appellate record. *See Memon v. Nguyen*, No. 01-21-00706-CV, 2023 WL 3513135, at *4 (Tex. App.—Houston [1st Dist.] May 18, 2023, no pet.) (mem. op.) ("We do not consider exhibits or appendices to briefs or motions that are not

8

While the Fishers characterize their challenges to the HOA's corporate status as concerning the HOA's standing to sue, they actually concern the HOA's capacity to sue. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (citation modified). The Fishers' statute-based complaints that the HOA lost and did not regain the legal authority to bring suit are capacity not jurisdictional challenges. *See, e.g.*, *id.* at 774 ("the question whether a plaintiff has established his right 'to go forward with [his] suit' or 'satisfied the requisites of a particular statute' pertains 'in reality to the right of the plaintiff to relief rather than to the [subject-matter] jurisdiction of the court to afford it'" (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000))); *Liss v. Cushman & Wakefield of Tex., Inc.*, No. 01-23-00481-CV, 2025 WL 1799618, at *9 (Tex. App.—Houston [1st Dist.] June 30, 2025, no pet.) (mem. op.) ("The issue of whether a corporation can sue after its corporate charter is forfeited is an issue of capacity."); *Specialty Assocs. of W. Houston, PLLC v. Adams*, No. 01-21-00092-CV, 2022 WL 3452329, at *7 (Tex. App.—Houston [1st Dist.] Aug. 18,

___

part of the appellate record."). Even if it could, the documents from Cause No. 1207429 attached to the Fishers' brief do not show the grounds on which the Civil Court at Law No. 3 refused to enter NEPV HOA's requested Final Judgment and Order of Possession.

2022, pet. ref'd) (mem. op.) (noting that question of compliance with assumed name certificate requirements is question of capacity not standing); *Schlein v. Griffin*, No. 01-14-00799-CV, 2016 WL 1456193, at *6 (Tex. App.—Houston [1st Dist.] Apr. 12, 2016, pet. denied) (mem. op.) (same).[4]

Under rule 93 of the Texas Rules of Civil Procedure, a pleading that plaintiff does not have the legal capacity to sue or is not entitled to recover in the capacity in which it sues "shall be verified by affidavit." TEX. R. CIV. P. 93(1), (2). Lack of capacity must be challenged by a verified pleading or it is waived. *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988) (per curiam); *Transamerica Corp v. Braes Woods Condo Ass'n, Inc*., 580 S.W.3d 733, 736 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *King-Mays v. Nationwide Mut. Ins. Co*., 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied); *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

---

[4]     In *Taylor v. Hunton Andrews Kurth, LLP*, No. 14-22-00410-CV, 2023 WL 4502147 (Tex. App.—Houston [14th Dist.] July 13, 2023, no pet.) (mem. op.), the court of appeals held that a challenge to a terminated entity's ability to file suit after the three-year survival period in section 11.356(a)(1) of the Texas Business Organizations Code was a standing challenge rather than a capacity challenge. *Id.* at *5. We do not need to attempt to reconcile the holdings in *Taylor* and *Liss* because, here, the HOA brought suit within its three-year survival period.

The Fishers did not verify the "verified denials" in their original or amended answer.[5] While the Fishers did verify the motions to show authority discussed above,[6] and addressed in those motions some of the HOA capacity issues raised on appeal, neither the motions nor the Fishers' verifications referenced the Fishers' answer. In their motions under rule 12 of the Texas Rules of Civil Procedure, the Fishers asked the trial court to (1) require the HOA's attorney to provide proof of his authority to prosecute the suit on behalf of the HOA and (2) in the event the HOA's attorney failed to present such proof, bar the HOA's counsel from appearing on behalf of the HOA and strike from the record all pleadings filed by the HOA's counsel. The Fishers' verified motions to show authority did not satisfy rule 93.[7]

---

[5] The record does not show that appellee raised this issue in the trial court. *See* Tex. R. Civ. P. 90 (stating that, in non-jury case, "[e]very defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court . . . before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account"). Rule 90 does not bar appellee from raising the defect in the Fishers' pleadings on appeal because appellee is not "seeking reversal" based on the defect. *See In re A.G.*, 531 S.W.3d 329, 336 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding that rule 90 had no application to party who was "not the party seeking reversal").

[6] A motion to show authority under rule 12 must be a "sworn written motion." TEX. R. CIV. P. 12.

[7] *See Enter. Prods. Operating, LLC v. Trafigura AG*, No. 01-19-00309-CV, 2020 WL 7213347, at *5 (Tex. App.—Houston [1st Dist.] Dec. 8, 2020, no pet.) (mem. op.) (holding appellant waived capacity challenge by failing to verify its pleading challenging appellee's lack of capacity); *Cuellar v. CVI LCF Mortg. Loan Tr. I*, No. 04-19-00130-CV, 2019 WL 5405913, at *2 (Tex. App.—San Antonio Oct. 23, 2019, no pet.) (mem. op.) (holding appellants waived right to challenge appellee's capacity to bring suit by failing to verify pleading raising challenge); *Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 376 (Tex. App.—Houston [14th Dist.]

11

We have taken into consideration the fact that appellants appeared pro se in the trial court. When considering a pro se party's non-compliance with a procedural rule, the Texas Supreme Court has stated "[t]here cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (quoting *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). As the supreme court acknowledged, however, courts should review and evaluate pro se pleadings "with liberality and patience." *Id.* (citing *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021)). The supreme court emphasized the importance of doing so where the application of the procedural rule turns on an actor's state of mind and thus allows room for consideration of the specific facts and circumstances at issue. *Id.* (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). Here, the application of rule 93 does not turn on an actor's state of mind, and

2012, pet. denied) (holding appellant waived capacity challenge because verified motion to dismiss was not verified plea required by rule 93(1)); *Landry's Seafood House-Addison, Inc. v. Snadon*, 233 S.W.3d 430, 434 (Tex. App.—Dallas 2007, pet. denied) (holding appellant waived capacity challenge despite including it in motions for directed verdict, motion for judgment notwithstanding verdict, motion for new trial, motion to modify judgment, and motion for remittitur). *Cf. Prof'l Servs. Techs., LLC v. Whipple*, No. 04-20-00273-CV, 2021 WL 3174259, at *3 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem. op.) (holding appellant did not waive denial of sworn account under rule 93(10) by failing to verify denial at time of filing where affidavit verifying denial in answer was filed one week later, distinguishing cases finding waiver where later-submitted affidavits did not reference answer).

courts have held that a pro se appellant waived its capacity challenge to an appellee by failing to file a verified denial. *See Jamshed v. McLane Exp. Inc.*, 449 S.W.3d 871, 878 (Tex. App.—El Paso 2014, no pet.) (holding that pro se appellant's claim that appellee lacked capacity to sue was not properly before appellate court because appellant had not filed verified denial); *King-Mays*, 194 S.W.3d at 145 (holding that pro se appellant had waived challenge to appellee's capacity to bring suit by failing to raise issue by filing verified denial). The Fishers were thus required to comply with rule 93, and their failure to do so leaves us with nothing to review on appeal.

We overrule their appellate issue.[8]

## Conclusion

We affirm the trial court's judgment.

---

[8] Our esteemed colleague notes in his concurrence that the Fishers do not argue on appeal that the trial court improperly placed the burden on them of proving NPV HOA's lack of capacity. We do not view that omission as dispositive given that the Fishers argue that the record affirmatively establishes NEPV HOA's lack of capacity—or "standing," as the Fishers refer to it. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 & n.1 (Tex. 2005) (noting that both parties and courts sometimes confuse standing and capacity). Even if it were dispositive, the Fishers consistently argued at trial and on appeal that the HOA had the burden of proving its "standing," and we construe the Fishers' brief liberally even if we cannot relieve them of their obligation to comply with rule 93. *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (noting there cannot be different procedural rules for litigants with and without counsel, but that courts should review and evaluate pro se pleadings "with liberality and patience"); *Mitschke v. Borromeo*, 645 S.W.3d 251, 261 n.17 (Tex. 2022) (noting courts must liberally construe appellate briefs to avoid waiver of right to appeal absent complete failure to preserve issue through argument or citations).

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Guiney, and Johnson. Justice Johnson, concurring.